# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT



| | |
|---|---|
| William James and Terri Tucker (Lowe), Plaintiffs, | Civil Action No. 17-14866 |
| | District Court Civil Action No. 1:17-cv-01181-TWT |
| v. | Confidential: Judicial Complaint No. 11-25-90153 (pending) |
| Barbara Hunt, Tyler Perry, Oprah Winfrey, et al., and Judge Thomas W. Thrash, Jr. Defendants. | Plaintiffs' Motion to Recall Mandate (Fraud on the Court, Manifest Injustice, and Due Process Violations) |

*(stamp: U.S. COURT OF APPEALS RECEIVED CLERK AUG 2 8 2025 ATLANTA, GA)*

---

## PLAINTIFFS' MOTION TO RECALL MANDATE (FRAUD ON THE COURT, MANIFEST INJUSTICE, AND DUE PROCESS VIOLATIONS)

---

Appellate Action No. 17-14866

**NOTICE: Statement of Good Cause for Delay in Filing Motion to Recall Mandate (FRAP 41-1(c); 11th Cir. R. 41-1(c))**

Pursuant to 11th Cir. R. 41-1(c), the undersigned respectfully submits the following statement explaining with specificity why the motion to recall the mandate was not filed within one year of its issuance:

Between 2020 and 2024, the undersigned faced a series of extraordinary, unforeseeable, and overwhelming life events that directly impaired her ability to pursue appellate remedies in a timely manner:

**COVID-19 Pandemic Disruptions (2020–2022):**

The pandemic caused substantial personal, financial, and logistical hardship, including loss of income and disruption of normal support systems.

**Catastrophic Family Losses and Caregiving Responsibilities:**

- In March 2021, the undersigned's sister passed away during the height of the pandemic, compounding the emotional and logistical burden on the family.

- In June 2020, the undersigned's adult son returned home from a 45-day hospital stay, became home-hospice bound, and ultimately passed away on August 29, 2021.

- During this period, the undersigned's mother suffered severe and unexplained health complications following her second COVID-19 vaccination, becoming immobile and fully dependent on the undersigned for all aspects of care and life management.

- In 2022, the undersigned was required to relocate to New York to hospitalize her mother, coordinate her rehabilitation, and manage her affairs. Her

mother's health continued to decline, resulting in multiple hospitalizations and rehabilitation stays until her passing on April 23, 2023.

- In January 2023, the undersigned's stepmother also passed away, further intensifying the period of bereavement and responsibility.

- The undersigned's stepfather (her mother's husband) passed away one month later, on May 24, 2023, necessitating the undersigned's sole responsibility for their estate and affairs.

**Continued Family Crises (2024):**

- In May 2024, the undersigned assumed primary custody and care of a four-year-old grandchild.

- Shortly thereafter, the undersigned's brother became critically ill and passed away on November 26, 2024, again requiring the undersigned's presence and management of family matters.

**Discovery of New Evidence (2025):**

- In 2025, the undersigned discovered additional predicate acts by the Defendants and further evidence of fraud upon the court, which materially affect the basis for seeking recall of the mandate.

**Fraud Upon the Court: No Statute of Limitations and Controlling Authority**

This recall mandate relies heavily on the existence of fraud upon the court—a doctrine for which there is no statute of limitations. The Supreme Court has consistently recognized that "fraud upon the court" is a most serious form of fraud that "strikes at the integrity of the judicial process" and can be raised at any time:

- **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244–45 (1944):**

  ("[T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." The Court vacated a judgment years after entry due to fraud on the court.)

- **United States v. Throckmorton, 98 U.S. 61, 65–66 (1878):**

  (Distinguishing between intrinsic and extrinsic fraud; extrinsic fraud such as fraud upon the court warrants relief even after judgment is final.)

- **Universal Oil Prods. Co. v. Root Refining Co., 328 U.S. 575, 580 (1946):**

  ("[F]raud on the court is not your 'garden-variety' fraud but, rather, is limited to fraud that seriously affects the integrity of the normal process of adjudication.")

- **Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1274 (11th Cir. 2004) (en banc):**

  ("Fraud upon the court is a recognized basis for relief from judgment, and courts have inherent power to vacate judgments at any time for such fraud.")

- **Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972):**

  ("Fraud upon the court... can be raised at any time.")

The Eleventh Circuit has expressly held that "[t]here is no time limit for setting aside a judgment for fraud upon the court." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985) (relying on Hazel-Atlas and Universal Oil).

**Good Cause for Delay: Extraordinary Circumstances**

The Supreme Court and Eleventh Circuit recognize that extraordinary circumstances beyond a litigant's control constitute "good cause" for procedural delays, especially where the delay is not the result of neglect but of events such as illness, bereavement, or other significant hardships:

- Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993):

  (Excusable neglect is a flexible standard and includes "circumstances beyond the party's control.")

- Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997):

  (Courts consider "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.")

## Application to Present Facts

These cumulative events, occurring in rapid succession and involving significant caregiving, bereavement, and legal responsibilities, made it impossible for the undersigned to file the instant motion sooner. The delay was not due to neglect or lack of diligence, but rather to circumstances wholly beyond the undersigned's control.

Accordingly, good cause exists under 11th Cir. R. 41-1(c) for the delay in seeking recall of the mandate, and the undersigned respectfully requests the Court accept the motion for filing and grant such further relief as is just.

# I. STATEMENT OF THE CASE

Plaintiffs William James and Terri Tucker (Lowe), pro se, respectfully notify this Court of the filing of their Reply in Support of Motion for Summary Judgment and Relief under Rules 56, 60(b), and 60(d). Plaintiffs further move this Court, pursuant to Federal Rule of Appellate Procedure 41, controlling Supreme Court precedent, and this Court's inherent supervisory powers, to recall the mandate and grant extraordinary relief.

This motion arises from pervasive fraud on the court, manifest injustice, and systemic due process violations that have infected the entire record—from Doc. 1 through Doc. 144 (notice of appeal)—and tainted all subsequent proceedings. A pivotal and egregious defect is the deliberate omission of Document 85— Plaintiffs' operative amended complaint and proof of service—from the appellate record in Eleventh Circuit Case No. 17-14866. Document 85 established that all defendants were in default as of the amended complaint, and Plaintiffs timely moved for default judgment. Withholding Doc. 85 from appellate review was the direct catalyst for these protracted proceedings and the sole reason any appeal was necessary. Had the defaults been acknowledged and adjudicated in accordance with the record, there would have been no basis for subsequent summary judgment, injunctions, or appeals.

In addition to Doc. 85, numerous other critical filings were withheld from judicial review, compounding the structural errors and due process violations. These include:

- Doc. 15: Establishing copyright infringement as a predicate act for the Civil RICO case (Judge Story).
- Doc. 31: Order changing assignment to Judge Thrash by name.
- Doc. 40: Plaintiffs Notice of Motion submitted as a Judgment on the Pleadings
- Doc. 42: Plaintiffs' objection to Doc. 31.
- Docs. 16-19, 23, 25, 34-37, 39, 79, 83, 84, 98: All Executed Returns of Service
- Docs. 63, Joint Preliminary Discovery Plan, 64, 65, 66: Plaintiffs' discovery initiation and related pleadings.
- Doc. 73: Proof of service (ACS processor, California, for Jim Gladstone, sworn affidavit in direct conflict with Defendants Doc. 67-1: by Jim Gladstone).
- Doc. 91: Reply to Doc. 72 for to Strike 67 (Contents show threats to Plaintiffs)
- Doc. 94: Summons for Judge Thrash.

- Doc. 100: Proof of service on Judge Thrash.

- Doc. 103: Motion to Transmit the Entire Record to Appellate Court

Doc. 122: Defendants Opposition to Plaintiffs Default Judgement Doc. 119 on Default of Doc. 85

- Doc. 123: Plaintiffs Opposition to Defendants Clarification for Discovery

- Doc. 116: Filing by the AUSA.

- Doc. 117: Plaintiffs' response to Judge Thrash's motion to dismiss.

- Doc. 141: Plaintiffs Petition for Writ of Mandamus on District Court

- Doc. 142: Plaintiffs Opposition to Orders and Motion for Reconsideration on Orders: Doc. 124-139.

- Doc. 143: Plaintiffs Application to File Notice of Appeal.

- All proofs of service establishing proper notice to all parties.

Because these documents were omitted from the appellate record, the appellate court was left with the false impression that Plaintiffs had abandoned certain claims or failed to properly advance them. In reality, these claims and defaults were never adjudicated on the merits simply because the critical filings were not transmitted or reflected in the record. This procedural failure resulted in the deprivation of meaningful appellate review, insulated judicial and party misconduct from scrutiny, and denied Plaintiffs their right to a merits-based

adjudication. Plaintiffs specifically request judicial notice of these omissions and their direct impact on the integrity of the proceedings.

Central to these violations, Judge Thomas W. Thrash, Jr. remained a named defendant throughout the proceedings and was never removed from the case by a Chief Judge or a three-judge panel, as required for impartial adjudication. Despite his disqualifying status, Judge Thrash continued to rule on dispositive and post-judgment matters—including after Plaintiffs' notice of appeal divested the district court of jurisdiction. No order was ever entered reassigning the case to a neutral judge, and the docket reflects that Judge Thrash both presided and benefited from his own rulings, in direct violation of 28 U.S.C. § 455 and due process. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864–65 (1988); Caperton v. Massey, 556 U.S. 868, 881 (2009).

The necessity of adding Judge Thrash as a defendant arose from newly discovered material conflicts of interest and procedural manipulation. During the proceedings, Plaintiffs uncovered a potential familial connection between Judge Thrash and the Tyler Perry Company through the TV show *Too Close to Home* (involving Annie Thrash), raising legitimate questions of impartiality. This was compounded by Defendants' procedural maneuvering—specifically naming Judge Thrash as presiding judge after Plaintiffs had established their claims—and by a documented

pattern of adverse treatment of pro se litigants, as illustrated in *William Windsor v. Thrash.*

The district court and defendants repeatedly shifted their characterization of this case—from a Civil RICO action (as stated in the judge's own orders) to a copyright infringement case (as asserted in Order Doc. 138)—whenever it suited their procedural objectives. This arbitrary and prejudicial re-labeling deprived Plaintiffs of a fair merits-based review of their RICO claims and supports the claim of fraud on the court.

As set forth herein and in Plaintiffs' contemporaneously filed Rule 60(b) and 60(d) motions (incorporated by reference), the record is replete with structural errors, including the omission of operative pleadings and proofs of service from the appellate record, judicial conflict and refusal to recuse, improper summary judgment and injunctive relief entered after notice of appeal, and the systematic denial of Plaintiffs' right to default judgment and merits adjudication.

A pivotal feature of this misconduct was the district court's use of an injunction as a procedural shield: not to preserve the status quo, but to prevent Plaintiffs from pursuing unadjudicated civil RICO claims, to conceal judicial and party misconduct, and to bar further filings or argument without court permission. The

injunction, entered while the district court was divested of jurisdiction, served to fragment appellate review and insulate all prior irregularities from scrutiny.

In addition, Plaintiffs have filed post-judgment motions in the district court—including motions under Rule 60(b) and 60(d)—which remain pending or have been improperly denied in violation of due process and the court's own jurisdictional limitations. The recall of the mandate is essential to ensure that these post-judgment motions, and all underlying claims of judicial misconduct and fraud upon the court, are fully heard and adjudicated on the merits. Plaintiffs respectfully request that this Court make clear that no prior mandate, ruling, or appellate precedent shall bar or preclude Plaintiffs from obtaining full review and relief on all such issues, so that the integrity of the judicial process may be restored and all claims of misconduct properly addressed.

The cumulative effect of these defects—including but not limited to the concealment of Doc. 85 and the additional omitted filings—compels recall of the mandate, vacatur of all tainted orders and judgments, and reassignment to a neutral judge to restore the integrity of the judicial process and Plaintiffs' constitutional rights.

# TABLE OF CONTENTS

NOTICE: STATEMENT OF GOOD CAUSE FOR DELAY IN FILING

MOTION TO RECALL MANDATE ............................................................ 1

I. STATEMENT OF THE CASE .............................................................. 7

II. ARGUMENT ................................................................................... 18

A. FRAUD ON THE COURT AND PREJUDICE: RECORD OF

MISCONDUCT & OMISSIONS (DOCS. 1–144) ...................................... 18

  1. Pattern of Misrepresentation, Collusion, and Judicial Misconduct ...... 18

  2. Mischaracterization of Claims & Stare Decisis Violations ................. 18

  3. Pattern of Shifting Legal Theories—Civil RICO vs. Copyright ........... 19

  4. Systemic Prejudice, Manifest Injustice, and Due Process Violations ... 19

B. BACKGROUND: PREJUDICE FROM POST-APPEAL CONDUCT

(DOCS. 145–170; CASE 18-13553) ...................................................... 26

  1. Jurisdictional Violations ................................................................ 26

  2. Procedural Gamesmanship ............................................................ 26

  3. Piecemeal Appeals and Record Manipulation .................................. 26

  4. Ongoing Collusion and Bias .......................................................... 27

  5. "Double-Door" Doctrine Violation and Procedural Manipulation ...... 28

  6. Due Process and Supreme Court Authority ..................................... 30

Plaintiffs' Motion to Recall Mandate
(Fraud on the Court, Manifest Injustice,
and Due Process Violations) 17-14866      13

7. Preservation of Rule 60(b) Arguments and Record 31

8. Supplemental Rule 60(b) and 60(d) Grounds 32

9. Additional Ongoing Prejudice: Improper Denial of Rule 60(b) Relief 35

**III. LEGAL AUTHORITY FOR MANDATE RECALL** 36

**IV. SUMMARY OF RELIEF REQUESTED** 37

**CERTIFICATE OF COMPLIANCE** 41

**CERTIFICATE OF SERVICE** 42

**TABLE OF AUTHORITIES** 15

**CERTIFICATE OF INTERESTED PERSONS (CIP) AND**

**CORPORATE DISCLOSURE** 39

Plaintiffs' Motion to Recall Mandate
(Fraud on the Court, Manifest Injustice,
and Due Process Violations) 17-14866  14

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Calderon v. Thompson,*

523 U.S. 538 (1998)                                                          8, 18

*Caperton v. A.T. Massey Coal Co.,*

556 U.S. 868 (2009)                                                  2, 4, 8, 12, 18

*Foman v. Davis,*

371 U.S. 178 (1962)                                                       5, 12, 18

*Griggs v. Provident Consumer Disc. Co.,*

459 U.S. 56 (1982)                                                       11, 12, 18

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*

322 U.S. 238 (1944)                                                          8, 18

*Lawlor v. National Screen Service Corp.,*

349 U.S. 322 (1955)                                                          4, 17

*Liljeberg v. Health Services Acquisition Corp.,*

486 U.S. 847 (1988)                                                  2, 4, 8, 12, 18

*Meehan v. Snow,*

652 F.2d 274 (2d Cir. 1981)                                                    17

| Cases | Page(s) |
|---|---|

*Offutt v. United States,*

348 U.S. 11 (1954)     13, 18

*United States v. Beggerly,*

524 U.S. 38 (1998)     11, 18

*United States v. Wade,*

336 U.S. 684 (1949)     8, 18

*Bounds v. Smith,*

430 U.S. 817 (1977)     14, 17

*Taylor v. Sterrett,*

640 F.2d 663 (5th Cir. 1981)     11

*S.E.C. v. Smyth,*

420 F.3d 1225 (11th Cir. 2005)     17

*Nishimatsu Constr. Co. v. Houston Nat'l Bank,*

515 F.2d 1200 (5th Cir. 1975)     16

*United States v. $55,518.05 in U.S. Currency,*

728 F.2d 192 (3d Cir. 1984)     17

| Statutes & Rules | Page(s) |
|---|---|
| 18 U.S.C. § 1503 | 16 |
| 28 U.S.C. § 455 | 2, 4, 8 |
| Federal Rule of Appellate Procedure 41 | 1 |
| Federal Rule of Civil Procedure 55 | 16 |
| Federal Rule of Civil Procedure 60(b), 60(d) | 16, 17 |
| Federal Rule of Appellate Procedure 10(a) | 4 |
| Federal Rule of Appellate Procedure 27 | 1 |

## II. ARGUMENT

## A. FRAUD ON THE COURT AND PREJUDICE: RECORD OF
## MISCONDUCT & OMISSIONS (DOCS. 1–144)

### 1. Pattern of Misrepresentation, Collusion, and Judicial Misconduct

### 2. Mischaracterization of Claims & Stare Decisis Violations: *Doc. 15* (Judge

Richard W. Story, Jr.) acknowledged Plaintiffs' claims included predicate acts of
copyright infringement as part of a civil RICO claim.

*Doc. 138* (Judge Thrash) falsely stated Plaintiffs failed to plead copyright
infringement as a predicate act.

**Violation:** Inconsistent treatment of the same legal issue by two judges constitutes
a due process violation and judicial misconduct.

Plaintiffs note that Document 120—our motion for Judge Thrash's recusal—was
submitted to the appellate court before Judge Thrash issued at least seventeen
further orders, despite remaining a named defendant after Document 85 (the
amended complaint). However, the appellate court lacked the full context for
recusal because the district court and/or clerk withheld from the appellate record:

- Document 85 (amended complaint naming Judge Thrash as defendant),

- Document 94 (summons issued to Judge Thrash),

- Document 100 (proof of service, including certified mail receipts to the courthouse and U.S. Attorney General).

Had these documents accompanied Document 120, it would have been clear Judge Thrash was a party and required to recuse under 28 U.S.C. § 455. Their omission prejudiced Plaintiffs by concealing the judge's disqualifying status and weakening the recusal motion. As a result, the appellate court did not enforce recusal or prevent Judge Thrash from ruling, compounding due process violations and structural error. This concealment constitutes fraud on the court and requires vacatur of all subsequent orders and recall of the mandate.

## 3. Pattern of Shifting Legal Theories—Civil RICO vs. Copyright Infringement

A central defect in these proceedings is the district court's and defendants' arbitrary and self-serving recharacterization of Plaintiffs' claims. When convenient, both the court and the defense acknowledge this action as a Civil RICO case—as is clear from the caption and the judge's own orders opening the case. Yet, in Order Doc. 138 and at other critical junctures, the court abruptly reclassifies the action as one for copyright infringement,

disregarding the operative RICO allegations and predicate acts set forth in the amended complaint.

This shifting narrative was not a mere oversight, but a deliberate strategy to justify adverse procedural rulings, foreclose RICO-specific remedies (including default and treble damages), and evade the heightened scrutiny that attaches to judicial misconduct and racketeering claims. The record is clear:

The judge's initial orders and the docket repeatedly refer to this case as a "Civil RICO Action."

In Order Doc. 138, however, the court mischaracterizes the claims as "copyright infringement," thereby denying Plaintiffs the right to have their RICO claims adjudicated on the merits.

This inconsistent treatment constitutes a violation of due process and the law of the case doctrine, and materially prejudiced Plaintiffs by denying them a fair opportunity to present their RICO claims and obtain the remedies to which they are entitled under federal law. See *Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864–65 (1988).

**Omission of Key Documents from the Appellate Record**

**Critical filings and evidence never transmitted to the Eleventh Circuit:**

Doc. 15: Judge Story's order confirming predicate acts; Docs. 16–19, 23, 25, 34–37, 39: Proofs of Service; Doc. 31: Defendants' Motion to Transfer to a Judge by Name; Doc. 42: Plaintiffs' Objection to Doc. 31; Doc. 49: Plaintiffs' Objection to an Answer to Doc. 33; Docs. 65–66: Notice of Initiated Discovery; Doc. 73: Service Processor's Sworn Affidavit; Doc. 85: Amended Complaint (naming Judge Thrash as co-conspirator); Docs. 86, 88: Supporting exhibits; Docs. 108–114, 116–117, 142–144: Key responses, oppositions, procedural filings

**Effect:** These omissions materially prejudiced appellate review in Appeals Nos. 17-14886 and 18-3553, constituting fraud on the court and a violation of the right to a full and fair appeal (*United States v. Wade*, 336 U.S. 684, 689 (1949)).

**Judicial Collusion, Conflict of Interest, and Concealment**

Plaintiffs discovered a TV show produced by Tyler Perry ("Too Close to Home," 2016–2017) featuring a character named "Annie Thrash," coinciding with Judge Thomas Thrash.

Judge Thrash, named as a defendant in the Amended Complaint (Doc. 85), refused to recuse and continued to rule, in violation of 28 U.S.C. § 455 and Supreme Court

precedent (*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847; *Caperton v. Massey*, 556 U.S. 868).

## Procedural Manipulation and Denial of Due Process

Defendants disguised a Rule 12(b)(6) motion as a Rule 12(c) (Doc. 74) to foreclose amendment rights. Plaintiffs responded with a Rule 15(a)(3) Amended Complaint, but Defendants abandoned their own motion by answering (Docs. 54–56). Despite Defendants' default on Doc. 85, the court allowed them to continue filing and participating, never entering default judgment (Doc. 119), and denied critical hearings (Doc. 95).

## Judicial Misconduct—Failure to Recuse & Withholding of Summons

Judge Thrash failed to recuse after being named as a party and withheld Doc. 94 (summons in his own name) and Doc. 100 (proof of service to Jeff Sessions), both properly served. These documents were omitted from the appellate record, depriving Plaintiffs of meaningful review.

## Misuse of Prejudicial and Pejorative Language

Judge Thrash repeatedly adopted defense's pejorative language ("unintelligible," "frivolous," etc.) in orders, mirroring Defendants' tone and further demonstrating bias and lack of impartiality (*Offutt v. United States*, 348 U.S. 11).

## Improper Termination of Parties and Case

The judge declared all parties terminated and the case closed (see Doc. 138),

despite the fact that Lionsgate was not included in any closing ruling, and

Defendants were in default having never answered Doc. 85. The record falsely

reflected case closure and party termination, compounding prejudice.

Plaintiffs respectfully submit that Lionsgate's omission from the district court's

"final order" reasonably led us to believe the court recognized Lionsgate's default,

with a separate default judgment to follow. This belief was grounded in the record:

- Plaintiffs moved for summary judgment (Doc. 61); Defendants responded

  (Doc. 67) with an affidavit from Jim Gladstone, Lionsgate's legal head,

  blaming late response on mailroom delay.

- Plaintiffs' counter-affidavit (Doc. 73) from our process server at ACS

  Process Server (California) directly refuted this, describing personal service

  on Gladstone in the mailroom with detailed identification.

- Gladstone shared counsel (Richard Gordon) with Tyler Perry and Oprah

  Winfrey, further undermining any confusion or delay claim.

Given these facts, Plaintiffs interpreted the court's exclusion of Lionsgate from

dispositive orders as an implicit acknowledgment of default, expecting a default

judgment. The court never issued an order dismissing Lionsgate or resolving

claims against it on the merits. This omission, combined with undisputed evidence of proper service and default, created a reasonable expectation that default judgment would be entered.

The court's later failure to address Lionsgate's default—and its retroactive inclusion of Lionsgate in adverse orders—denied Plaintiffs fair notice, an opportunity to be heard, and the benefit of Fed. R. Civ. P. 55 default procedures. This sequence demonstrates that the district court's handling of Lionsgate was arbitrary, prejudicial, and violated due process.

## 4. Systemic Prejudice, Manifest Injustice, and Due Process Violations

The cumulative effect of procedural irregularities, document omissions, judicial conflicts, and defense collusion deprived Plaintiffs of a fair trial, a fair appeal, and due process as required by the Fifth and Fourteenth Amendments.

Manifest Injustice: Plaintiffs were denied the opportunity to have their RICO claims adjudicated on the merits. The appellate court was denied the full record necessary for meaningful review.

Fraud on the Court: The intentional or reckless withholding of critical documents, mischaracterization of claims, and judicial conflicts constitute fraud upon the court, requiring vacatur and recall of the mandate (*Hazel-Atlas Glass Co. v.*

*Hartford-Empire Co.*, 322 U.S. 238, 246 (1944); *Liljeberg*, 486 U.S. 847, 865 (1988)).

## Omission of Critical Filings and Prejudice:

A key omission from the appellate record is Document 117, Plaintiffs' formal objection to the government's argument (Doc. 116) that party consent or court leave was required to add Judge Thrash as a defendant. Plaintiffs clarified in Doc. 117 that amendment was proper as a matter of right under Rule 15(a)(1) following Defendants' Rule 12(b) motion (Doc. 74), and no joinder or leave was required. Plaintiffs further argued that Judge Thrash's continued adjudication after being named as a defendant violated 28 U.S.C. § 455 and multiple constitutional amendments, and that all orders issued by a conflicted judge are void. Doc. 117 also rebutted the government's claims regarding improper service and judicial immunity, citing controlling authority that immunity does not extend to acts taken in the clear absence of jurisdiction or in violation of due process. The omission of Doc. 117—along with Docs. 85, 94, 99, 100, 119, and 162—deprived the Eleventh Circuit of the full factual and legal context necessary to review Plaintiffs' claims and materially prejudiced Plaintiffs by concealing the basis for recusal and reassignment.

## B. BACKGROUND: PREJUDICE FROM POST-APPEAL CONDUCT (DOCS. 145–170; CASE 18-13553)

### 1. Jurisdictional Violations:

Judge Thrash issued orders (including injunctions, summary judgment, and final judgment) after Plaintiffs' notice of appeal (Doc. 144), despite being divested of jurisdiction (*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). These orders are void ab initio and prejudiced subsequent appeals, including 18-13553.

### 2. Procedural Gamesmanship:

The district court and defense used the injunction (Order 168) to bar Rule 60(b) filings and all subsequent attempts by Plaintiffs to correct the record, seek relief from void orders, or obtain a hearing on the merits (*United States v. Beggerly*, 524 U.S. 38).

### 3. Piecemeal Appeals and Record Manipulation:

The omission of critical filings from the record, the improper closure of the case, and the refusal to transmit the full record forced Plaintiffs into piecemeal appeals (including 18-13553), compounding the prejudice and denying a unified, fair appellate review.

**4. Ongoing Collusion and Bias: Judge** Thrash, never removed by a three-judge panel or chief judge, continued to issue adverse orders (Docs. 145–170), consistently adopting the defense's procedural and rhetorical positions, further entrenching the manifest injustice.

## Additional Ongoing Prejudice: Improper Denial of Rule 60(b) Relief

In addition to the above, after Plaintiffs filed their Rule 60(b) motion seeking relief from judgment based on newly discovered evidence, fraud on the court, and jurisdictional defects, the district court issued an "injunction" (Doc. 208) that summarily denied all further filings and barred consideration of the Rule 60(b) motion on the merits.

This order, like others, was entered after Plaintiffs' notice of appeal, at a time when the district court was divested of jurisdiction under *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982), rendering it void ab initio.

By refusing to address the substance of Plaintiffs' Rule 60(b) arguments and instead relying on a procedurally and jurisdictionally defective injunction, the court compounded the existing due process violations and further deprived Plaintiffs of any meaningful opportunity for relief.

Plaintiffs respectfully request that this Court take judicial notice of these post-judgment events, vacate all orders tainted by these ongoing abuses (including Doc. 208), and direct reassignment to a neutral judge for all further proceedings.

## 5. "Double-Door" Doctrine Violation and Procedural Manipulation: Docs. 138, 157, and 168

The district court's handling of summary judgment and party termination in this case demonstrates a profound procedural irregularity that further deprived Plaintiffs of due process and a fair adjudication of their RICO claims. Specifically, in Document 138, the court entered summary judgment and declared all parties terminated, yet conspicuously omitted Lionsgate from the operative ruling. This omission created a procedural "double-door": although the record reflected closure and termination for all defendants, the court left open the possibility of future rulings against Plaintiffs by not formally disposing of Lionsgate.

Subsequently, the court exploited this artificial procedural gap by issuing Document 168, which retroactively included Lionsgate and provided the defense with Document 157—an injunction purporting to bind all defendants, despite the earlier preclusion and without any ruling on the merits of Plaintiffs' civil RICO claims. The net effect was to afford Defendants a second opportunity to seek

summary judgment and injunctive relief, while Plaintiffs were denied a unified, merits-based resolution of their RICO action.

This sequence of rulings constitutes a violation of fundamental fairness and the prohibition against piecemeal litigation. It also demonstrates judicial manipulation of the record to the Defendants' advantage, compounding the prejudice already suffered by Plaintiffs. Notably, the court never adjudicated the RICO claims on the merits, instead twice mischaracterizing the action as one for copyright infringement, contrary to both the pleadings and prior judicial acknowledgment (see Doc. 15).

Once Document 138 was entered as a final order terminating all parties and closing the case, the district court was divested of authority to re-enter the case and issue further dispositive orders based on that closed record. The court's subsequent rulings—including the issuance of Document 168, which purported to retroactively include omitted parties and grant additional summary judgment and injunctive relief—were ultra vires, void, and in violation of both the prohibition against piecemeal litigation and the fundamental principle that a court cannot reopen or further adjudicate a case after entering a final judgment. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864–65 (1988).

## Final Judgment

The so-called "final" judgment certified by Judge Thrash (Doc. 138) was not, in fact, final as to all parties and claims. At the time of certification, claims against Lionsgate and Barbara Hunt remained unresolved, and multiple defendants were in procedural default for failing to answer the operative amended complaint. Judge Thrash, a named defendant, improperly certified finality and continued to rule, in violation of 28 U.S.C. § 455. Plaintiffs' motion for recusal (Doc. 120) and other key documents were omitted from the appellate record, further prejudicing review.

Under 28 U.S.C. § 1291, only a judgment that disposes of all parties and claims is appealable as of right; otherwise, the appeal is interlocutory and must meet the requirements of 28 U.S.C. § 1292. The district court's misrepresentation of finality enabled a piecemeal appeal and deprived Plaintiffs of a unified, merits-based review. Had the appellate court been presented with the complete record, including the judge's ongoing conflict and the unresolved claims, the result would likely have been different.

## 5. Jurisdictional Defect and Double-Door Manipulation: No Lawful Authority After Notice of Appeal

Plaintiffs respectfully emphasize that there is no lawful "before Doc 168" period for the district court's authority after the filing of the notice of appeal (Doc. 144, October 26, 2017). From that date forward, the district court was divested of jurisdiction over all matters involved in the appeal. Accordingly, Doc. 168—and all subsequent orders—were entered without jurisdiction and are void ab initio. See *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Any suggestion that the district court could lawfully act "before Doc 168" or that Doc 168 was a continuation of prior authority is incorrect as a matter of law and fact. **The record is clear:** once the notice of appeal was filed, all subsequent district court actions—including the issuance of Doc 168—were ultra vires and void. This jurisdictional defect is compounded by the district court's "double-door" procedural manipulation. After entering Document 138, which purported to terminate all parties and close the case, the court exploited a manufactured procedural gap by later issuing Doc. 168. This order retroactively included omitted

parties and granted additional summary judgment and injunctive relief, despite the case having been closed and the court's jurisdiction having been divested. Such actions not only violated the prohibition against piecemeal litigation but also demonstrate judicial manipulation of the record to the Defendants' advantage, compounding the prejudice already suffered by Plaintiffs.

In sum, there is no lawful period for the district court to have issued Doc. 168 or any subsequent orders after the notice of appeal. All such actions are void for lack of jurisdiction and further tainted by procedural manipulation, requiring vacatur and recall of the mandate.

## 6. Due Process and Supreme Court Authority

The Supreme Court has held that due process under the Fifth Amendment requires both the reality and the appearance of impartiality and fundamental fairness in judicial proceedings. See *Tumey v. Ohio*, 273 U.S. 510, 523 (1927) ("Every procedure which would offer a possible temptation to the average man as a judge... not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of law."); *In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process.").

Procedural manipulation and piecemeal litigation violate the principle that parties are entitled to a single, complete, and merits-based adjudication of their claims.

The Supreme Court has repeatedly condemned judicial actions that "deprive a party of a fair opportunity to present its case," or that "permit the manipulation of process to the prejudice of the adverse party." See *Foman v. Davis*, 371 U.S. 178, 181-82 (1962) (reversing dismissal for procedural gamesmanship, emphasizing the right to have claims adjudicated on their merits); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988) (vacating judgment where judicial actions created "a risk of injustice to the parties").

The use of procedural devices to afford one party multiple opportunities for relief—while denying the other a final, merits-based resolution—offends the core values of due process and the constitutional requirement that justice "must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954).

## 7. Summary of Rule 60(b) Grounds Established in the Record

- Judicial Conflict and Void Orders: Judge Thrash's refusal to recuse, despite being a named defendant, rendered all orders void under 28 U.S.C. § 455 and the Due Process Clause. *(Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 881 (2009); *Liljeberg,* 486 U.S. at 864–65)

- Default and Denial of Default Judgment: Defendants' failure to answer the operative Amended Complaint (Doc. 85) triggered default under Fed. R. Civ. P. 55(a), yet the court denied Plaintiffs' right to default and default

judgment, violating due process and right of access to courts. *(Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); *Bounds v. Smith,* 430 U.S. 817, 828 (1977))

- Fraud on the Court: Coordinated mischaracterization of RICO claims, improper judicial reassignment, and denial of court access constitute fraud on the court. (Hazel-Atlas, 322 U.S. at 244)

- Newly Discovered Predicate Acts: Subsequent litigation (Ledford, Allison) reveals ongoing racketeering, supporting reopening under Rule 60(b)(4)-(6), (d)(3).

- Extraordinary Circumstances: Cumulative procedural barriers, COVID-19 disruptions, and the court's adoption of defense positions justify relief under Rule 60(b)(6).

- Filing Restrictions and Discovery Denial: Orders 154 and 168 imposed unconstitutional filing restrictions and denied discovery and hearing, violating the First and Fifth Amendments. (*Bounds,* 430 U.S. at 828; *Mullane,* 339 U.S. at 314)

- Improper Preclusion and Misapplication of Law: The court conflated RICO and copyright, misapplied res judicata, and denied leave to amend, violating *Foman v. Davis,* 371 U.S. 178, 182 (1962), and due process.

## 8. Preservation of Rule 60(b) Arguments and Record

Plaintiffs expressly incorporate by reference all grounds, factual allegations, legal arguments, and supporting evidence set forth in their contemporaneously filed Emergency Motion and Rule 60(b) Motion for Relief from Judgment, including all attached memoranda, declarations, and exhibits. These filings detail the full record of judicial conflict, procedural irregularities, newly discovered predicate acts, fraud on the court, denial of due process, and extraordinary circumstances that independently and collectively warrant vacatur of all judgments and orders, reopening of the case, entry of default and default judgment, and reassignment to an impartial tribunal. See Fed. R. Civ. P. 60(b)(1)–(6), 60(d)(3); *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 864–65 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244 (1944).

## 9. Supplemental Rule 60(b) and 60(d) Grounds

Plaintiffs further supplement their grounds for recall of the mandate based on the full record of their Rule 60(b) and 60(d) motions, including: (a) the omission of critical filings (Docs 85,) response to Defendant Judge Thrash (Doc. 116) through the AUSA, and related proofs of service) from the appellate record, which deprived the Eleventh Circuit of the operative claims and default status; (b) the improper use of a filing injunction to bar post-judgment relief, contrary to law and

public policy; (c) defendants' prohibited ex parte communications with the Clerk to enforce the injunction and suppress Plaintiffs' filings; (d) the appearance and reality of collusion and conspiracy between the judge-defendant and defense counsel; (e) newly discovered evidence of ongoing predicate acts unavailable until 2023 and 2025; and (f) the court's duty to allow collateral attacks on judgments for fraud or fundamental error. These cumulative defects require vacatur of all tainted orders and judgments, judicial notice of the omitted filings, and remand for adjudication before a neutral judge. *See Hazel-Atlas, 322 U.S.* at 244; *Liljeberg, 486 U.S. at 860; Winston,* 741 F. *App'x* at 129; *Burnley,* 988 F.2d at 3; *Falcone,* 311 U.S. 205; *Pinkerton,* 328 U.S. 640.

## III. LEGAL AUTHORITY FOR MANDATE RECALL

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944): Fraud on the court justifies vacatur of any judgment so procured; *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988): Structural judicial error, including failure to recuse, requires vacatur; *United States v. Wade*, 336 U.S. 684, 689 (1949): Complete and accurate records are essential to justice; *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982): Jurisdictional defects void subsequent orders; *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009): Due process requires an impartial tribunal.

## IV. SUMMARY OF RELIEF REQUESTED

Plaintiffs respectfully request that the Court: Recall the mandate and vacate all judgments and orders tainted by fraud on the court, manifest injustice, and due process violations from Doc. 1 through Doc. 144.

1. Direct the district court to transmit the full and complete record, including all omitted documents, for proper appellate review.

2. Vacate all orders entered by Judge Thrash after being named as a party and after the notice of appeal (including those not transmitted to the appellate court).

3. Order reassignment to a neutral judge for all further proceedings.

4. Plaintiffs further request that this Court expressly direct that the recall of the mandate and vacatur of prior orders shall not operate to bar or limit Plaintiffs' right to have all post-judgment motions—including those raising claims of fraud upon the court, judicial misconduct, and due process violations—fully considered and adjudicated on the merits, free from any procedural preclusion or reliance on prior appellate decisions. Such relief is necessary to ensure that all issues of misconduct and structural error are addressed, and that Plaintiffs are not deprived of a meaningful opportunity to be heard.

5. Plaintiffs respectfully request that this Court recall the mandate, vacate all orders and judgments entered in violation of due process, Rule 60(b), and the constitutional right of access to the courts, and remand for adjudication before an impartial judge, with entry of default and default judgment as warranted by the record.

6. Plaintiffs respectfully request that this Court recognize the procedural and substantive defects arising from Docs. 138, 157, and 168, and take judicial notice of the resulting prejudice and manifest injustice. The mandate should be recalled, all tainted orders vacated, and the case reassigned to a neutral judge for a full merits determination of all claims.

7. Grant such further relief as is just and necessary to restore Plaintiffs' due process rights and the integrity of the judicial process.

Dated: On the 28th Day of August

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE

## DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1, the undersigned certifies that the following persons and entities have an interest in the outcome of this case:

1. Terri Lowe – Plaintiff/Appellant -Individual

2. William James – Plaintiff/Appellant - Individual

3. Tyler Perry – Defendant/ Appellee - Individual

4. Tyler Perry Studios – Defendant/Appellee -Private Domestic Corporation

5. The Tyler Perry Company – Defendant/ Appellee – Private Domestic Corporation

6. Oprah Winfrey – Defendant/Appellee - Individual

7. Oprah Winfrey Network (OWN) Defendant/ Appellee – Public Corporation

8. Lionsgate Entertainment – Defendant/Appellee - Public Corporation

9. Barbara Hunt - Defendant/Appellee – Individual

10. HARPO – Defendant/Appellee - Domestic Corporation (Unknown/Public or Domestic Corporation)

11. Tom J Ferber (Pryor and Cashman, LLP)– Attorney for Defendants/Appellees -Tyler Perry, Tyler Perry Studios and The Tyler Pery Company

12. Richard Gordon, Esq – Attorney for Defendants/Appellees – Oprah
   Winfrey, Oprah Winfrey Network (Own), HARPO, Lionsgate Entertainment
   and Barbara Hunt

13. David Zaslov (OWN) – Not a Party – Interested Person - Part Owner -
   Public Corporation

Corporate Disclosure Statement:

The undersigned will supplement this certificate as necessary.

Respectfully submitted,

Dated: On the 28th Day of August

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and 11th Cir. R. 32-4, I

certify that this motion complies with the type-volume limitation set forth in FRAP

27(d)(2). According to the word-processing system used to prepare this document,

the motion contains (5,114) words, excluding the parts of the motion exempted by

FRAP 32(f). The motion has been prepared in a proportionally spaced typeface

(Times New Roman, 14-point font) with double spacing and 1-inch margins.

Dated: On the 25th Day of August

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

We hereby certify that on August 28, 2025, we filed the foregoing Motion to

Recall Mandate and all supporting exhibits by CM/ECF as required by the

Eleventh Circuit's filing instructions.

Executed on August 28, 2025,

**Defendants Attorneys:**

| Lori M. Beranek<br>Assistant United States<br>Attorney<br>600 U.S. Courthouse<br>75 Spring Street SW<br>Atlanta, GA 30303 | Tom J. Ferber, Esq<br>7 Times Square<br>New York, NY 10036-6569 | Richard Gordon, Esq<br>1495 Powers Ferry<br>Road Ste 101<br>Marietta, GA 30067 |

Executed on 28th Day of August, 2025,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff