UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------------------- X
WILLIAM JAMES, ET ANO.,                )
                                       )
                  Plaintiffs,          )
                                       )
        v.                             ) Case Nos. 17-14866 and 18-13553
                                       )
BARBARA HUNT, ET AL.,                  ) Dist. Court No. 1:17-CV-1181-TWT
                                       )
                  Defendants.          )
----------------------------------------------------- X

## DEFENDANTS-APPELLEES' RESPONSE TO PLAINTIFFS-APPELLANTS' MOTIONS TO RECALL MANDATES

Tom J. Ferber
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569
Phone: (212) 421-4100
Fax: (212) 798-6388
tferber@pryorcashman.com

Defendants-Appellees ("Appellees") respectfully submit this response to the motions by Plaintiffs-Appellants ("Appellants") to recall the mandates in two appeals: No. 17-14866 (the "First Appeal") (Doc. Nos. 88-89) and 18-13553 (the "Second Appeal") (Doc. Nos. 66-67).

## PRELIMINARY STATEMENT

Appellants, who have been adjudicated to be vexatious litigants, have repeatedly ignored the District Court's 2018 injunction – which was affirmed by this Court on the Second Appeal – which prohibited, *inter alia*, the filing of any further pleadings, motions or other documents "without obtaining the express written permission" of the District Judge. (Docket No. 168 in Dist. Ct. Case No. 1:17-CV-1181-RWS, hereafter the "Injunction.")

Appellants' most recent filings in this Court include "Plaintiffs' Motion to Recall Mandate" and "Notice to the Chief Judge Regarding Administrative Handling of Motion to Recall Mandate" (Nos. 86, 88 and 89 on Docket 17-14866, and Nos. 64, 66 and 67 on Docket 18-13553). These filings – all of which are legal nullities in the absence of the requisite advance permission – represent "the continued harassment of the Defendants by the Plaintiffs" that is also "disruptive and abusive to the Court's judicial function" (Injunction at 7) – *i.e.,* the very conduct by these vexatious litigants that the Injunction was designed to prevent.

Appellants' motions, filed six years after the respective mandates, should be rejected.

## PROCEDURAL HISTORY[1]

As the District Court stated in the Injunction that was affirmed by this Court, "Plaintiffs William James and Terri V. Tucker [had] asserted patently frivolous copyright infringement claims against the Defendants in a series of proceedings in various courts" when "they reconfigured their copyright claims as civil RICO claims" in this action in 2017. (Injunction at 1-2.)

By order dated October 19, 2017 (Dist. Ct. Docket No. 138), the District Court granted Appellees' motion for judgment on the pleadings, holding that Appellants claims were barred by res judicata and collateral estoppel because the copyright claims that they were attempting to use as a predicate for their putative civil RICO claims had previously been adjudicated against them. The District Court also held that "Plaintiffs fail to state a plausible claim of copyright infringement as a predicate act for a RICO claim," and that the remaining claims "are not only frivolous but ludicrous." (*Id*. at 3.)

---

[1] Because there were several hundred filings in the District Court and in the two the appeals before this Court, the overwhelming majority of which were Appellants', this history offers only a few relevant orders that give context to this response.

In the First Appeal, this Court affirmed, *inter alia*, the grant of Appellees'
motion for judgment on the pleadings.

On October 18, 2018, the District Court entered an order that, *inter alia*,
granted Defendants' motion for summary judgment on their counterclaim and
entered the Injunction under the All Writs Act. (Dist. Ct. Docket No. 168.) The
District Court found that an "injunction [was] necessary to protect the integrity of
the court system and to prevent the continued harassment of the Defendants by the
Plaintiffs," and found that "the Plaintiffs' conduct within this particular case has
itself been disruptive and abusive to the Court's judicial function." (Id. at 7-8.) The
Order concluded as follows:

> Because of this, the Court concludes that a filing injunction under the All
> Writs Act is appropriate here. The Court has the inherent jurisdiction to
> protect itself against the abuses that litigants such as [Plaintiffs] visit upon it.
> Without an injunction the Plaintiffs will very likely continue to use the
> judicial system as a tool to harass the Defendants and waste judicial
> resources. The Plaintiffs have displayed nothing short of complete disregard
> for the numerous court rulings in favor of the Defendants. Therefore, the
> Court orders that the Plaintiffs are enjoined from filing any further pleading,
> motion, or other paper in relation to the instant action (other than the
> pending appeal and any appeal of this Order), and any new lawsuit in any
> court against any of the Defendants named in this action involving claims
> arising from the same factual predicate or nucleus of operative facts as this
> case without obtaining the express written permission of the undersigned.

In the Second Appeal, this Court affirmed, *inter alia*, the District Court's

October 18, 2018 order, including, specifically, the Injunction. The accompanying

Mandate was entered on September 10, 2019. (Doc Nos. 58 and 59 in Case No. 18-

3553.) Appellants' Petition for a Writ of Certiorari was denied on October 7, 2019. (*See* No. 63 in Case No. 18-13553).

Now, over six years later, Appellants have resumed the filing of motions and other papers in both this Court and the District Court without making any effort to obtain the District Court's advance written permission.[2]

## APPELLANTS' FILINGS IN VIOLATION OF
## THE INJUNCTION SHOULD ALL BE REJECTED

The Injunction noted that "[w]ithout an injunction the Plaintiffs will very likely continue to use the judicial system as a tool to harass the Defendants and waste judicial resources." (Dist. Ct. Docket No. 168 at 8.)

Unfortunately, Appellants have continued to "display[] noting short of complete disregard" for court orders, including the Injunction affirmed by this Court, as evidenced by their filing of numerous motions in both courts without making any effort to "obtain[] the express written permission" of the District Court.

---

[2] In addition to their motion to recall this Court's mandates, Appellants have recently filed a slew of motions in the District Court, totaling many hundreds of pages, styled as "Pro Se Emergency Motion for Intermediate Intervention, Motion to Reassign Case" and "Pro Se Joint Motion to Vacate Clerk's Judgment, Motion for Relief Based on Judicial Misconduct, Fraud on the Court, and Denial of Due Process and other motions, for default judgment, for relief from judgment, to vacate the Clerk's judgment, to reopen the case, and for "relief based on judicial misconduct." (Dist. Ct. Docket Nos. 196-197, 200-203).

Appellants' flagrant, repeated violations of the Injunction represent nothing less than contempt of court. In *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277 (11th Cir. 2002), this Court affirmed a contempt finding against the plaintiff who, like the Appellants ignored the district court's injunction that, *inter alia*, prohibited him from filing any new proceedings against the defendant without first obtaining leave of court. *Id.* at 1284-85, 1296-97. Appellants' motions, like those of the plaintiff in *Riccard*, represent "a pattern of reargument and re-litigation that has marked their efforts in this lawsuit." *Id.* at 1294.

Having no desire to burden either court more than Appellants have already done with their improper filings, Appellees have not filed a motion to hold Appellants in contempt of court. At a minimum, however, Appellants' improper motions – which fail to make the requisite showing for the recall of mandates – should be rejected.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Appellants'

motions to recall the Court's mandates be rejected.

Dated: September 8, 2025

PRYOR CASHMAN LLP

By: /s/ Tom J. Ferber
Tom J. Ferber
7 Times Square
New York, New York 10036-6569
tferber@pryorcashman.com
phone: (212) 421-4100
fax: (212) 798-6388

*Attorneys for Defendants-Appellees*

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION,
TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.  This response and motion comply with the type-volume limitation of Fed. R.

App. P. 27(d)(2) because, excluding the parts of the response and motion exempted

by Fed. R. App. P. 32(f), this response and motion contain 988 words.

2.  This response and motion comply with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this

response and motion have been prepared in a proportionally spaced typeface using

14-point Times New Roman type face.

PRYOR CASHMAN LLP

By:  /s/ Tom J. Ferber
Tom J. Ferber
7 Times Square
New York, New York 10036-6569
tferber@pryorcashman.com
phone: (212) 421-4100
fax: (212) 798-6388

*Attorneys for Defendants-Appellees*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with the foregoing DEFENDANTS-APPELLEES' RESPONSE TO PLAINTIFFS-APPELLANTS' MOTIONS TO RECALL MANDATES by electronically filing with the Clerk of Court using the CM/ECF System, which sent notification of such filing to all counsel of record, and served the following parties by U.S. First Class Mail:

Terri V. Tucker (Lowe)              William James
1136 Joslin Path                    14920 Ashland Ave.
Douglasville, Ga 30134              Harvey, Illinois 60426

Date: September 8, 2025

PRYOR CASHMAN LLP

By: /s/ Tom J. Ferber
Tom J. Ferber
7 Times Square
New York, New York 10036-6569
tferber@pryorcashman.com
phone: (212) 421-4100
fax: (212) 798-6388

*Attorneys for Defendants-Appellees*